Honorable Timothy W. Dore

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>MICHAEL KIDWELL,<br><br>Debtor(s). | Chapter 7<br>Bankruptcy No. 18-12360 |
| BANKRUPTCY ESTATE OF<br>MICHAEL KIDWELL, by and through<br>Nancy L. James, Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LSF9 MASTER PARTICIPATION TRUST,<br>through U.S. Bank Trust, N.A., as Trustee;<br>CALIBER HOME LOANS, INC., a Delaware<br>corporation; MORTGAGE MASTER<br>SERVICE CORPORATION, a Washington<br>corporation; and MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., an<br>inactive Washington corporation,<br><br>Defendants. | Adversary No.<br><br><br><br><br>COMPLAINT TO DETERMINE<br>EXTENT AND VALIDITY OF LIENS |

COMES NOW the trustee, Nancy L. James ("the Plaintiff" or "the Trustee"), through counsel The Livesey Law Firm, and Rory C. Livesey, and states and alleges as follows:

I. PARTIES AND JURISDICTION

1. The Plaintiff is the duly qualified and acting trustee of the estate of the above-named debtor.

**COMPLAINT TO DETERMINE
EXTENT AND VALIDITY OF LIENS**
200221cCmp   Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 20-01019-TWD   Doc 1   Filed 02/25/20   Ent. 02/25/20 08:15:19   Pg. 1 of 5

2. Defendant LSF9 Master Participation Trust is a Delaware corporation, and U.S. Bank Trust, N.A. is its trustee ("U.S. Bank").

3. Defendant Caliber Home Loans, Inc. ("Caliber") is a Delaware corporation that does business in the State of Washington.

4. Defendant Mortgage Master Service Corporation ("Mortgage Master") is a Washington corporation.

5. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is an inactive Washington corporation.

6. This adversary proceeding is one arising in a Chapter 7 case of the named Debtor now pending in this court. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

7. Venue is proper under 28 U.S.C. § 1408.

## II. FACTS

8. Michael Kidwell (hereinafter "the Debtor") filed a Chapter 7 bankruptcy petition on June 14, 2018 and the Plaintiff herein was appointed Trustee. As prescribed by 11 U.S.C. § 541, among the assets of the Debtor's bankruptcy estate was the real property located at 24514 - 148th Lane S.E., Kent, Washington 98042, legally described as:

> That portion of the South 142 feet of the North 250 feet, as measured along the West line of the Southwest quarter of the Northwest quarter of Section 23, Township 22 North, Range 5 East, W.M., in King County, Washington, lying West of the Westerly right of way line of 148th Place Southeast (now known as 148th Lane Southeast);
>
> Situate in the County of King, State of Washington,

("the Property").

9. The Trustee sold the Property pursuant to court order dated April 4, 2019. The sale was free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f). The sale of the

**COMPLAINT TO DETERMINE**
**EXTENT AND VALIDITY OF LIENS**
200221cCmp  Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 20-01019-TWD    Doc 1    Filed 02/25/20    Ent. 02/25/20 08:15:19    Pg. 2 of 5

1 Property closed on April 17, 2019, and the Trustee is currently holding approximately $338,000 in sale proceeds.

10. Defendant U.S. Bank, as assignee, is the beneficiary of a deed of trust recorded against the Property on May 22, 2007 in King County under Recording No. 20070522002719 in the original amount of $290,000, securing a promissory note executed by the Debtor on or about May 11, 2007.

11. Defendant Caliber is believed to be the servicer of the obligation for the benefit of Defendant U.S. Bank.

12. Defendant MERS, solely as nominee for the benefit of Defendant Mortgage Master, is the beneficiary of a deed of trust recorded against the Property on May 22, 2007, in King County under Recording No. 20070522002720 in the original amount of $135,000, securing a promissory note executed by the Debtor on or about May 11, 2007.

13. The Debtor has previously filed a Chapter 7 petition on May 14, 2009 under Case No. 09-14655-SJS in the Western District of Washington at Seattle. The Debtor's personal liability was discharged in that proceeding on August 19, 2009.

14. On information and belief, the Debtor has not made a payment on the debts secured by either encumbrance since prior to the 2009 bankruptcy filing. Since that time, neither Defendant U.S. Bank nor its servicer, Defendant Caliber, have made any effort to enforce the deed of trust referenced in paragraph 10 above. Similarly, neither Defendant MERS nor Defendant Mortgage Master have made any effort to enforce the deed of trust referenced in paragraph 12 above.

III. FIRST CAUSE OF ACTION - 11 U.S.C. § 506(d)

15. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 14 above, inclusive as though fully set forth herein.

16. 11 U.S.C. § 506(d) provides "To the extent that a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void."

**COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS** 200221cCmp Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 20-01019-TWD    Doc 1    Filed 02/25/20    Ent. 02/25/20 08:15:19    Pg. 3 of 5

17. Pursuant to RCW 4.16.040(1), an action upon a contract in writing is required to be commenced within six years.

18. More than six years have elapsed since the Debtor's last payment on either obligation secured by the deeds of trust and more than six years have elapsed since the discharge entered in the Debtor's prior bankruptcy. The obligations secured by the deeds of trust are unenforceable *in rem* against the Property and, therefore, the liens are void.

## IV. SECOND CAUSE OF ACTION - 11 U.S.C. § 544

19. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 18 above, inclusive as though fully set forth herein.

20. Pursuant to 11 U.S.C. § 544, Plaintiff has, as of the commencement of the case, the power to avoid any obligation incurred by the Debtor that is voidable by a judicial lien creditor that extends credit to the Debtor at the time of the commencement of the case.

21. For the reasons stated above, the obligations secured by the deeds of trust are unenforceable *in rem* and, therefore, as a judgment lien creditor the Plaintiff can avoid the defendants' interest in the Property and its sale proceeds.

WHEREFORE, the Plaintiff prays for a judgment as follows:

a) voiding the deed of trust filed on May 22, 2007 in King County under Recording No. 20070522002719 in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust pursuant to 11 U.S.C. § 506(d);

b) voiding the deed of trust filed on May 22, 2007 in King County under Recording No. 20070522002720 in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for the benefit of Defendant Mortgage Master Service Corporation, pursuant to 11 U.S.C. § 506(d);

c) in the alternative, avoiding the deed of trust filed on May 22, 2007 in King County under Recording No. 20070522002719 in favor of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust pursuant to 11 U.S.C. § 544;

**COMPLAINT TO DETERMINE
EXTENT AND VALIDITY OF LIENS**
200221cCmp Page 4

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 20-01019-TWD    Doc 1    Filed 02/25/20    Ent. 02/25/20 08:15:19    Pg. 4 of 5

1         d)     in the alternative, avoiding the deed of trust filed on May 22, 2007 in King County under Recording No. 20070522002720 in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for the benefit of Defendant Mortgage Master Service Corporation, pursuant to 11 U.S.C. § 544;

        e)     for a finding by the court that the transfers voided or avoided herein are preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

        f)     for recovery of attorney fees and costs, to the extent recoverable under applicable law, including statutory, contract or equitable, and the evidence submitted to the court; and

        g)     for such further and equitable relief as the court deems just in the premises.

RESPECTFULLY SUBMITTED this 24th day of February, 2020.

        THE LIVESEY LAW FIRM

        /S/ *Rory C. Livesey*
_____
Rory C. Livesey, WSBA #17601
Attorney for Plaintiff/Trustee

**COMPLAINT TO DETERMINE**
**EXTENT AND VALIDITY OF LIENS**
200221cCmp   Page 5

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 20-01019-TWD   Doc 1   Filed 02/25/20   Ent. 02/25/20 08:15:19   Pg. 5 of 5