| | |
|---|---|
| 1 | The Honorable TIMOTHY W. DORE |
| 2 | Chapter 7 |
| 3 | Hearing Location: Seattle |
| 4 | Hearing Date: May 22, 2020 |
| 5 | Hearing Time: 9:30 A.M. |
| 6 | Response Date: May 15, 2020 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>MICHAEL KIDWELL,<br><br>Debtor.<br><br>———————————————<br><br>BANKRUPTCY ESTATE OF MICHAEL KIDWELL, by and through Nancy L. James, Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LSF9 MASTER PARTICIPATION TRUST, through U.S. Bank Trust, N.A., as Trustee; CALIBER HOME LOANS, INC., a Delaware corporation; MORTGAGE MASTER SERVICE CORPORATION, a Washington corporation; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., an inactive Washington corporation,<br><br>Defendants. | Adversary Case No. 20-01019 - TWD<br><br>Bankruptcy Case No. 18-12360 - TWD<br><br>DEFENDANTS U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[FED. R. CIV. P. 12(b)(6)]<br><br>[Filed with Request for Judicial Notice; and [Proposed] Order] |

NOTICE OF MOTION AND MOTION TO
DISMISS THE COMPLAINT – 1

**Perkins Coie LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 1 of 20

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendants U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("LSF9 Trust") and Caliber Home Loans, Inc.'s ("Caliber") (together "Defendants") motion pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing all claims alleged in the Complaint against Defendants by the Bankruptcy Estate of Michael Kidwell, by and through Nancy L. James, Bankruptcy Trustee ("Plaintiff") is set for hearing as follows:

**JUDGE**: The Honorable TIMOTHY W. DORE     **TIME**: 9:30 A.M.

**PLACE**: COURTROOM 8106     **DATE**: MAY 22, 2020
700 STEWART ST. 8TH FLOOR
SEATTLE, WASHINGTON 98101

IF YOU OPPOSE the Motion, you must file your written response with the Clerk's office of the bankruptcy court and deliver copies to the undersigned and NOT LATER THAN THE RESPONSE DATE, which is May 15, 2020. If you file a response you are also required to appear at the hearing. IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, AND STRIKE THE HEARING.

/ / /

NOTICE OF MOTION AND MOTION TO
DISMISS THE COMPLAINT – 2

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 2 of 20

This Motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, Request for Judicial Notice, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

DATED: April 15, 2020 **PERKINS COIE LLP**

By: */s/ Ofunne N. Edoziem*
Ofunne N. Edoziem, WSBA No. 260000
OEdoziem@perkinscoie.com
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendants
U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST and CALIBER HOME LOANS, INC.

NOTICE OF MOTION AND MOTION TO
DISMISS THE COMPLAINT – 3

**Perkins Coie LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD   Doc 9   Filed 04/15/20   Ent. 04/15/20 16:57:30   Pg. 3 of 20

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], defendants U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("LSF9 Trust") and Caliber Home Loans, Inc. ("Caliber") (together "Defendants") submit this memorandum of points and authorities in support of their motion to dismiss the Complaint of Plaintiff filed by Nancy L. James as Trustee of the Bankruptcy Estate of Michael Kidwell ("Trustee" or "Plaintiff") and the causes of action alleged therein.

## I. INTRODUCTION

This lawsuit is not the first of its kind, but the third. A few years ago, Debtor Michael Kidwell ("Debtor" or "Kidwell") filed two lawsuits against Defendants in efforts to escape foreclosure and avoid LSF9 Trust's lien. He claimed Defendants delayed in foreclosing after he defaulted, and thus, the statute of limitations invalidated LSF9 Trust's lien and forever barred foreclosure. That trial court disagreed with Debtor and issued a judgment in Defendants' favor before dismissing both actions without prejudice. Debtor did not challenge that judgment or seek reconsideration. But when Defendants moved to foreclose post-judgment, he quickly filed for bankruptcy and obtained the protection of an automatic stay. In further efforts to prevent Defendants from foreclosing, Plaintiff challenged LSF9 Trust's motion for relief from stay and filed a motion to sell the property to a third party.

After selling the Property, the Trustee, once again, attempts through this adversary action to obtain a court order invalidating and avoiding LSF9 Trust's lien. The Trustee raises the same theories plead by Debtor in his prior actions -- that the statute of limitations barred

---

[1] Fed. R. Civ. Pro. 12(b)(6) is made applicable to adversary proceedings by Bankruptcy Rule 7012(b).

MEMORANDUM – 1

**Perkins Coie LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

LSF9 Trust from enforcing its security. The bankruptcy Trustee wants this Court to issue such an order so that the Trustee may unjustly avoid applying any of the proceeds acquired from the sale to pay down LSF9 Trust's loan, which debt far exceeds the sale proceeds netted by the Trustee.

As a competent court of law has already determined, LSF9 Trust was authorized to foreclose. Its lien was valid. Also, because the Promissory Note at issue is an installment contract, the statute of limitations will not expire until the year 2043. Plaintiff's complaint, which pleads nothing new and fails to account for events that tolled the statute of limitations, should be dismissed with prejudice.

## II.     FACTS

### A.     The Loan and Default

In May 2007, Debtor borrowed $290,000 from co-defendant Mortgage Master Service Corporation ("Loan"). (*See* Request for Judicial Notice "RJN" Ex. A.) To induce the lender to issue the Loan, Debtor executed and delivered as part of the same transaction a Promissory Note secured by Deed of Trust against certain real property known as 24514 148th Lane SE, Kent, Washington 98042 ("Property"). (*See id.*; *see also* RJN Ex. B.) The Loan is payable in monthly installments with a maturity date of June 1, 2037. (*See* RJN Ex. A ¶ 3; *see also* RJN Ex. B at p. 2 ¶ F.)

### B.     Debtor's First Bankruptcy

In May 2009, Kidwell filed a voluntary petition for bankruptcy relief under Chapter 7. (Adversary Complaint "Compl." ¶ 13.) He received an order of discharge on August 19, 2009. (*Id.*)

MEMORANDUM – 2

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Phone:  310.788.9900
Fax:  310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 5 of 20

## C. The Loan Transfers to Defendant LSF9 Trust

The Loan was eventually transferred, first from Mortgage Master Service Corporation to Bank of America and then from Bank of America to Ocwen Loan Servicing, LLC. (RJN Exs. C-D.) In 2015, the Loan transferred to LSF9 Trust, and an assignment of deed of trust, notifying the public of the transfer to LSF9 Trust was thereafter recorded. (*See* RJN Ex. E.) Caliber serviced the Loan for LSF9 Trust. (Compl. ¶ 11.)

## D. Debtor Files and Loses Two Lawsuits Against Defendants to Bar Foreclosure for Statute of Limitations Reasons

### 1. The First Lawsuit

In December 2015, Debtor recorded a Lis Pendens and filed his first of two lawsuits in King County against moving defendants Caliber and LSF9 Trust to quiet title to the Property free and clear of LSF9 Trust's lien. (RJN Ex. F.) He alleged he stopped making his Loan payments in December 2008, that his Loan was due for the January 1, 2009 payment, that he filed for bankruptcy shortly after he ceased making payments, and that he received a discharge. (*Id.* ¶¶ 3.2-3.7.) He alleged that because Defendants failed to foreclose within six years, the statute of limitations barred Defendants from foreclosing. (*See id.* ¶¶ 3.2-3.10.) This lawsuit was ultimately resolved concurrently with the second lawsuit.

### 2. The Non-Judicial Foreclosure

Meanwhile, Defendants moved forward with nonjudicial foreclosure proceedings and in May 2016, a Notice of Trustee's Sale was recorded. (RJN Ex. G.)

### 3. The Second Lawsuit

Debtor moved quickly to stop the foreclosure.

MEMORANDUM – 3

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 6 of 20

First, he obtained a default judgment against Defendants in the First Lawsuit, and in August 2016, he filed a second lawsuit to enjoin and restrain any nonjudicial foreclosure on grounds that the judgment quieted title free and clear of LSF9 Trust's lien. (RJN Ex. H.)

Second, he obtained an order restraining the foreclosure. (RJN Ex. I.) As a result, the foreclosure sale was discontinued and a notice of discontinuance of sale was recorded. (RJN Ex. J.)

The following month, Defendants moved to set aside the default judgments issued against them, which the trial court granted in January 2017. (RJN Ex. K.) Defendants also successfully moved to consolidate both actions. (RJN Ex. L.)

After consolidation, Defendants moved for judgment on the pleadings on both complaints. (RJN Ex. M.) In their motion, Defendants argued that the statute of limitations had not run, and therefore, did not bar foreclosure, that LSF9 Trust's lien was still valid and that Debtor was not entitled to quiet title to the Property free and clear of LSF9 Trust's lien. (*See id.* pp. 5-6.) The trial court judge, Honorable Matthew Williams, agreed. In November 2017, after a hearing, Judge Williams granted Defendant's motion in its entirety. (RJN Ex. N.) The Court entered judgment on the pleadings against Debtor, finding that the statute of limitations had not run, and dismissed both complaints in the lawsuits without prejudice. (*Id.*)

### 4. Defendants, Again, Move to Foreclose Only to Be Thwarted by Another Bankruptcy Petition

Defendants resumed foreclosure proceedings and in February 2018, another Notice of Trustee's Sale was recorded. (RJN Ex. O.)

But a few months later, Debtor filed for bankruptcy and obtained an automatic stay of sale. (*See* Bankruptcy Case No. 18-12360, "BK" Dkt. No. 1.)

MEMORANDUM – 4

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 7 of 20

In October 2018, LSF9 Trust, through its counsel, filed a motion for relief from stay. (BK Dkt. No. 48.) The Trustee opposed, claiming the statute of limitations invalidated LSF9 Trust's lien, thus, eliminating its right to foreclose. (BK Dkt. No. 53-54.) The opposition failed to mention Debtor's prior two lawsuits and foreclosure-avoidance acts, Defendants' prior attempts to sell the property through non-judicial foreclosure proceedings, Debtor's request for a restraining order which prevented the sale, or Judge William's order stating that the statute of limitations had run. The Trustee then moved to sell the Property free and clear of all liens, LSF9 Trust's inclusive, to which LSF9 Trust objected. (Bk Dkt. Nos. 60-61, 65.) Over LSF9 Trust's objection, this Court granted the Trustee's motion to sell. LSF9 Trust thereafter withdrew its mooted motion for relief from stay. (BK Dkt Nos. 69-70.) During the hearing, this Court cautioned the Trustee that to the extent this case was brought pursuant to *Jarvis v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 1438040, at \*2 (W.D. Wash. 2017), aff'd, 726 F. App'x 666 (9th Cir. 2018), this Court was not inclined to follow *Jarvis*. (*See* BK Dkt. No. 67.) This lawsuit, nevertheless, followed.

5. **The Trustee Reasserts Debtor's Previously Plead Claims that the Statute of Limitations Bars the Lien -- Allegations Already Adjudged Meritless by a King County Court**

Plaintiff filed this lawsuit against Defendants for an order invalidating and avoiding LSF9 Trust's lien. But it alleges nothing new. As was pleaded in Debtor's prior complaints, Plaintiff once again alleges the statute of limitations bars lien enforcement because Debtor stopped making his payments before or around the time he filed for bankruptcy in 2009, that Debtor received an order of discharge in 2009, and that since around 2009, Defendants failed to make "any effort" to enforce LSF9 Trust's lien. (Compl. ¶¶ 10, 13-14, 17-18.) The allegations are not only inaccurate, they seek a ruling superseding Judge William's order.

MEMORANDUM – 5

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 8 of 20

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. To survive a motion to dismiss, a plaintiff must do more than assert "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. 1949. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. 556.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ashcroft*, 129 S. Ct. 1949 (assumption of truth does not apply to "legal conclusions couched as a factual allegation."). *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2009); and *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

MEMORANDUM – 6

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

Moreover, when evaluating the adequacy of a complaint, the court may consider exhibits submitted with the complaint or those that are subject to judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR AVOIDANCE OF LSF9 TRUST'S LIEN

### A. The Statute of Limitations Did not Run

#### 1. Legal Authority on the Statute of Limitations

In Washington, the statute of limitations on enforcement of a contract such as a promissory note or deed of trust is six years. *Edmundson v. Bank of Am., N.A.*, 194 Wn. App. 920, 927, 378 P.3d 273 (2016); *Bingham v. Lechner*, 111 Wn. App. 118, 126, 45 P.3d 462 (2002); *Walcker v. Benson & McLaughlin, P.S.*, 79 Wn. App. 739, 745, 904 P.2d 1176 (1995), citing RCW 61.24.020 ("the limitation period for foreclosure of mortgages should apply."); *see also* RCW 4.16.040(1).

"Washington law distinguishes between demand promissory notes and installment promissory notes." *Merceri v. Bank of New York Mellon on behalf of holders of Alternative Loan Tr. 2006-OA19, Mortg. Pass Through Certificate Series 2006-OA19*, 4 Wn.App.2d 755, 434 P.3d 84 (2018), citing *Edmundson, supra*. "A demand [promissory] note is payable immediately on the date of its execution. As such, the statutory limitation period begins to run on a demand note when it is executed. An installment promissory note, on the other hand, is payable in installments and matures on a future date." *Id.* (citations omitted).

For an installment note, "the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover

MEMORANDUM – 7

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

it." *Edmundson*, 194 Wn. App. at 930, *citing Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142 (1945); *see also Merceri*, *supra*. at 760 ("the statutory limitation period commenced for each installment from the time it became due and was not paid."); *Spesock v. U.S. Bank, N.A*., 2018 WL 4613163, at *4 (W.D. Wash. Sept. 26, 2018) ("A separate cause of action arises on each installment, and the statute of limitations runs separately against each such installment."); *Lemery v. Wells Fargo Bank*, 2018 WL 1470840 (W.D. Wash. Mar. 26, 2018) ("Wells Fargo is not foreclosing based upon any payment in default that occurred more than six years prior to the current, subject foreclosure action.").

**2.   A Competent Court Has Already Determined that the Statute of Limitations Had not Expired, at Least, as of November 2017**

None of Plaintiff's allegations are new. They were litigated before a judge in King County. Plaintiff fails to mention Debtor's prior relevant lawsuits, which resulted in an unfavorable judgment against Debtor. But that judgment should not be ignored because it addressed the merits of the same allegations raised here in Plaintiff's complaint: whether Debtor's failure to make his Loan payments starting from early 2009 to at least the date of the judgment (November 17, 2017) rendered LSF9 Trust's lien unenforceable due to expiration of the statute of limitations (*see* RJN Ex. F, pp. 2-4; RJN Ex. M, pp. 5-6) and whether LSF9 Trust's lien was otherwise unenforceable. (*See id.*)

The King County judge decidedly answered: No. (RJN Ex. N.)

Plaintiff resurrects the same claims, citing nothing credible -- facts or law -- that would push this Court to deviate from that judgment. To wit, the parties operated as though that judgment governed this Loan and the parties' transaction. After judgment was entered and the restraining order terminated, Defendants did not wait idly, but moved to sell the property by recording a Notice of Trustee's Sale in February 2018. (RJN Ex. O.) But Debtor

MEMORANDUM – 8

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Phone:  310.788.9900
Fax:  310.788.3399

147852737.1

purposely halted that sale by filing his second bankruptcy petition. Plaintiff then objected to LSF9 Trust's attempt to get relief from stay to foreclose -- handicapping Defendants' ability to sell the Property despite Judge William's judgment declaring the lien valid. Plaintiff stopped Defendants from completing foreclosure until Plaintiff sold the Property to a third party. And now Plaintiff filed this adversary proceeding to prevent LSF9 Trust from receiving payment for a Loan that Debtor concedes he has not paid in over a decade. It does so notwithstanding that the parties fought this same fight years ago which resulted in a determination that LSF9 Trust's lien was valid and thus could be enforced through foreclosure.

But as Judge Williams determined, the statute of limitations has not run because Debtor's note is an installment contract. The same should be concluded here too.

### 3. Because the Note is an Installment Contract, the Right to Enforce the Security Would Not Have Expired Until 2043

As Defendants argued, the Debtor's promissory note provided for repayment of the debt in installments. (*See* RJN Ex. A ¶ 3.) As such, a separate statute of limitations period began to run from the date each monthly Loan payment became due. *See Edmundson*, 194 Wn. App. at 930.[2] Therefore, by law the Complaint fails to establish that the statute of limitations had run on enforcement of the Note and Deed of Trust before Plaintiff filed obtained the order of sale in 2019 or even now.

Moreover, the discharge only operates to prevent Debtor's creditors from commencing an action that would result in a personal liability against Debtor. Enforcement of the Deed of Trust for any of the enumerated events of default cannot result in personal

---

[2] Additionally, the statute of limitations was tolled during the pendency of Plaintiff's bankruptcy from May 14, 2009 to August 24, 2009 because of the automatic stay preventing the beneficiary from enforcing the Deed of Trust. (*See* 11 U.S.C. 362(a)(4).)

MEMORANDUM – 9

**Perkins Coie LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 12 of 20

liability. Thus, the limitations period should not be measured by the impact of the discharge on an action against the Note; rather, it should be calculated against the maturity date of the Deed of Trust unless and until LSF9 Trust elected to accelerate the Loan. The limitations period on a contract concerning an installment obligation runs against each installment with the final limitations period running against the maturity date. *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434, 382 P.3d 1 (2016). Accordingly, the final limitations period, would not have expired until June 1, 2043 -- six years after the Promissory Note's listed maturity date of June 1, 2037. (*See* RJN Ex. A, ¶ 3.)

### 4. The Statute of Limitations was Tolled

The commencement of a nonjudicial foreclosure tolls the statute of limitations. *Bingham v. Lechner*, *supra*. at 127. The limitations period under RCW 4.16.040 is tolled for up to 120 days after "the date scheduled for the foreclosure. . ." *Bingham* at 131; *see also* RCW 61.24.040(6). Filing for bankruptcy protection also tolls the statute of limitations. RCW 4.16.230 states:

> When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action.

Under 11 U.S.C. section 362, a petition for bankruptcy operates as a stay of the commencement of any process to recover a claim against the debtor. It is well settled that the "automatic stay" operates to prevent foreclosure. *See*, *e.g.*, *In re Jacobson*, 402 B.R. 359, 362 (Bankr. W.D. Wash. 2009), as modified (Mar. 10, 2009) ("The Debtors' filing automatically stayed the foreclosure."); *In re Heirholzer*, 170 B.R. 938, 941 (Bankr. N.D. Ohio 1994); *In re Kodo Properties, Inc.*, 63 B.R. 588, 590 (Bankr. E.D.N.Y. 1986). The automatic stay dissolves upon discharge of the debtor. *Bigelow v. Comm'r*, 65 F.3d 127, 129

MEMORANDUM – 10

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1
Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 13 of 20

(9th Cir.1995) ("a stay immediately dissolves upon issuance of a discharge by the bankruptcy court.")

Plaintiff has not credibly alleged that the six-year statute of limitations ran before or after entry of the 2017 Judgment. A number of events tolled the statute of limitations before entry of the 2017 Judgment, namely:

- Tolling calculated from the date the Notice of Trustee's Sale recorded on May 2, 2016 to December 31, 2016 (which is 120 days following the listed sale date of September 2, 2016 (*see* RJN Ex. G)), which tolled the statute of limitations for 243 days

- Tolling for the Temporary Restraining Order calculated as follows: from September 1, 2016 the date the TRO issued to November 17, 2017, the date the case was dismissed, which tolled the statute of limitations for 442 days

These two events tolled the statute of limitations for 685 days or roughly two years. In addition to the foregoing, this Court should also consider the events that tolled the statute of limitations after entry of the judgment, including:

- Tolling from the date the Notice of Trustee's Sale was recorded on February 7, 2018 to October 13, 2018 (which is 120 days following the listed sale date of June 15, 2018 (*see* RJN Ex. O)), which tolled the statute of limitations for 248 days

- Tolling for the automatic bankruptcy stay initiated by the 2018 petition filed by Debtor through the present (from June 14, 2018 to present[3]), which tolled the statute of limitations for 671 days as of the date this motion was filed.

---

[3] Ordinarily, the date would be measured from the commencement of bankruptcy to the date the creditor was able to obtain relief from stay but the motion for relief from stay was taken off calendar due to this Court's April 4, 2019 order permitting the Trustee to sell the Property.

MEMORANDUM – 11

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

Defendants' right to enforce the lien, as Judge Williams ruled, did not expire before the time of the judgment for statute of limitations reasons. It certainly did not expire thereafter because the statute of limitations was tolled for an additional 919 days (or roughly two and a half years and counting), during which time LSF9 Trust still maintained the right to enforce its valid lien.

Because the statue of limitations had not expired at the time this bankruptcy Court issued its April 4, 2019 order selling the Property to a third party, the lien remained valid and enforceable and LSF9 Trust is entitled to the sale proceeds. Its lien may not be avoided.

**5. To the Extent Plaintiff Seeks a Determination that *Jarvis* Permits Plaintiff to Avoid LSF9 Trust's Lien, the Complaint Should be Dismissed**

Defendants note that Plaintiff does not cite to *Jarvis* in the Complaint, so it is unclear if Plaintiff's complaint rests on the theories presented in that case. In the abundance of caution, Defendants briefly address the applicability, or lack thereof, of the *Jarvis* decision to the facts before this Court.

**a. *Jarvis* is not authority and cannot serve as precedent**

*Jarvis* is an unpublished opinion and not binding, though it may, at best, be afforded persuasive weight. *See* GR 14.1(a). ("Unpublished opinions of the Court of Appeals are those opinions not published in the Washington Appellate Reports. Unpublished opinions of the Court of Appeals have no precedential value and are not binding on any court. However, unpublished opinions of the Court of Appeals filed on or after March 1, 2013, may be cited as nonbinding authorities, if identified as such by the citing party, and may be accorded such persuasive value as the court deems appropriate.")

**b. A Bankruptcy Discharge Operates Only as an Injunction, Which Tolls the Statute of Limitations**

A discharge in bankruptcy does not affect the due date on installments. Rather, under

MEMORANDUM – 12

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD   Doc 9   Filed 04/15/20   Ent. 04/15/20 16:57:30   Pg. 15 of 20

the bankruptcy code a discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor …

11 U.S.C. § 524(a)(2). As the Ninth Circuit Bankruptcy Appellate Panel noted: "Section 524(a)(2) makes clear that the discharge is an injunction ..." *In re Cobbs*, 2018 WL 5289698, at *6 (B.A.P. 9th Cir. 2018).

In *Edmundson*, the Court of Appeals mentions without much analysis that the borrowers "no longer had such liability as of the date of their bankruptcy discharge…" *Edmundson*, 194 Wash. App. at 931. Whether the forgoing factored into the court's ultimate ruling is unclear because the court later explained that bankruptcy discharge does not trigger acceleration and the court dissolved the permanent injunction against the trustee's sale and ordered judgment in the lender's favor. *Id*. at 932. Tellingly, the "primary issue" on appeal in *Edmundson* was whether a discharge of the personal obligation of the note also discharges "the lien of a deed of trust on property that secures payment" on the note. *Id*. at 922. This was the same issue in *Johnson* and the *Edmundson* court correctly observed that "[s]ettled law holds that such a lien is not discharged…" *Id*. The "other question" on appeal in *Edmundson* was whether the enforcement of the deed of trust was timely commenced. *Id*. On this issue, the court analyzed the legal significance of the loan servicer's resort to remedies under the Deed of Trust Act by sending written notice of default to the borrowers. *Id*. at 930. There is no indication the parties briefed the definition of a discharge in bankruptcy. Moreover, the bankruptcy discharge had minimal, if any, legal significance to the ruling because the court concluded that sending written notice of default was sufficient in that case to toll the limitations period. *Id*. at 931 (citing RCW 61.24.030 in n.28).

MEMORANDUM – 13

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

At least two courts have cited *Edmundson* in relation to the effect of a bankruptcy discharge on the statute of limitations. In 2017, the Western District of Washington concluded in *Jarvis v. Federal National Mortgage Association* that a discharge does "alert the lender that the limitations period to foreclose on a property held as security has commenced." *Jarvis v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 1438040, at *2 (W.D. Wash. 2017), aff'd, 726 F. App'x 666 (9th Cir. 2018). The *Jarvis* court granted summary judgment in favor of the borrowers on this basis. *Id*. at *4. In 2019, the Court of Appeals in *U.S. Bank NA v. Kendall* cited *Edmundson* for the rule that "payments are no longer due as of the discharge, and the limitations period accrues and begins to run when the last payment was due." *U.S. Bank NA v. Kendall*, 2019 WL 2750171, at *4 (Wash. Ct. App. July 1, 2019). Neither case discusses the bankruptcy code definition of a discharge under 11 U.S.C. § 524(a)(2), suggesting that the parties did not brief the issue in these cases either.

Because a bankruptcy discharge operates as an injunction against commencement of an action for personal liability against the debtor and does not otherwise change the terms of a loan, the *Edmundson*, *Jarvis* and *Kendall* courts' consideration of the effect of a discharge on the statute of limitations is incomplete and unpersuasive. There is no logical nexus between an injunction against an enforcement action for personal liability against the debtor and a triggering of the statute of limitations as to all installments on a loan. Indeed, the Washington Legislature expressly provides that an injunction against enforcement tolls the limitations period. RCW 4.16.230.

Debtor would have been obligated to repay the Loan under the installment schedule. If he failed to do so, the discharge merely enjoined his lender from commencing an action that might result in personal liability against him.

MEMORANDUM – 14

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 17 of 20

*Edmundson* and its progeny do not convincingly support the conclusion that Debtor's discharge triggered the limitations period on each and every installment on the Loan. Rather, the Court should look to the definition of a discharge in bankruptcy under 11 U.S.C. § 524(a)(2), which shows that contrary to the assertions in the complaint, the discharge does not commence the lenders right to foreclose as to each installment or accelerate the maturity date.

      **c.      The Discharge Tolls the Limitations Period**

RCW 4.16.230 states that "[w]hen the commencement of an action is stayed by injunction … the time of the continuance of the injunction … shall not be a part of the time limited for the commencement of the action." The Court of Appeals held that RCW 4.16.230 tolls the limitations period during the automatic stay in bankruptcy. *Merceri v. Deutsche Bank AG*, 2 Wash. App. 2d 143, 147 (2018).

The automatic stay and a discharge are both injunctions under the bankruptcy code. "The automatic stay is an injunction issuing from the authority of the bankruptcy court." *See In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000); *In re Dunbar*, 245 F.3d 1058, 1064 (9th Cir. 2001) ("The automatic stay is a broad injunction…"). As noted above, the discharge is also an injunction. 11 U.S.C. § 524(a)(2); *In re Cobbs, supra*, at *6. The difference between a stay under Section 362 and a discharge under Section 524 is that one is preliminary and the other permanent. *In re Eber*, 687 F.3d 1123, 1128 (9th Cir. 2012).

Each injunction precludes the lender from commencing an action that could result in personal liability against Debtor. Nonjudicial foreclosure has the same limitation. Specifically, "a deficiency judgment shall not be obtained on the obligations secured by a deed of trust against any borrower, grantor, or guarantor after a trustee's sale under that deed of trust." RCW 61.24.100(1).

MEMORANDUM – 15

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 18 of 20

There is no basis to treat the injunction arising from an automatic stay differently than the injunction arising from a discharge with respect to tolling under RCW 4.16.230 because both operate to prevent the lender from commencing or continuing an action that could result in personal liability against the debtor. Thus, the Court should find that the discharge tolls the limitations period on nonjudicial foreclosure and did not commence it.

### d. Debtor's Attempts to Modify his Loan Post Bankruptcy Discharge Renders this Case Not Subject to the Holding in *Jarvis*

Plaintiff failed to allege facts regarding the prior two lawsuits that resulted in a judgment adverse to Debtor and in favor of LSF9 Trust. In like manner, Plaintiff fails to apprise this Court of certain actions by the Debtor to modify the Loan post-discharge including Debtor's submission of at least one request for modification assistance in as early as 2010. Plaintiff's request for a Loan modification could be considered acknowledgement of a debt, which restarts the statute of limitations. *See Jewell v. Long*, 74 Wash. App. 854, 856 (1994) ("An acknowledgement or promise within the meaning of RCW 4.16.280 restarts the statute of limitations.") As the Supreme Court of Washington explained in regard to acknowledgments before the limitations period has expired:

> If one in writing acknowledges he owes a debt, the law will presume that he intends to pay it, *unless there is something in the writing which shows a contrary intention*.

*Cannavina v. Poston*, 13 Wash. 2d 182, 195 (1942) (emphasis in original).

Plaintiff's post-discharge loan modification attempts are relevant here because part and parcel to the decision in *Jarvis* was the court's determination that the borrower in that case took no steps indicating the borrower wished to reaffirm the debt or make further payments. *See Jarvis v. Fed. Nat'l Mortgage Ass'n,* 726 Fed. Appx. at 667. Therefore, if Plaintiff posits that *Jarvis* is precedent, then Plaintiff cannot bury facts but must highlight all

MEMORANDUM – 16

Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 19 of 20

pertinent matters, including Debtor's prior loan modification history post-discharge, which bears weight on the credibility of Plaintiff's claims and applicability of *Jarvis* to this case.

## V. CONCLUSION

For the reasons stated herein, Defendants respectfully requests that this Court dismiss Plaintiff's Complaint as plead against Defendants without leave to amend.

DATED: April 15, 2020

**PERKINS COIE LLP**

By: */s/ Ofunne N. Edoziem*
Ofunne N. Edoziem, WSBA No. 260000
OEdoziem@perkinscoie.com
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendants
U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST and CALIBER HOME LOANS, INC.

MEMORANDUM – 17

**Perkins Coie LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Phone: 310.788.9900
Fax: 310.788.3399

147852737.1

Case 20-01019-TWD    Doc 9    Filed 04/15/20    Ent. 04/15/20 16:57:30    Pg. 20 of 20